IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPH BRODRICK-OKEREKE,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No.: SAG-25-03761 |
| **COCA-COLA BOTTLING CO. CONSOL.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Joseph Brodrick-Okereke ("Plaintiff") filed this discrimination action in state court against his former employer Coca-Cola Bottling Co. Consolidated ("Defendant").[1] ECF 2. Defendant removed the case to this Court and has filed a motion to dismiss, asserting that Plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies before filing suit and because his Complaint fails to state a claim. ECF 7, 7-1. Plaintiff has opposed the motion, ECF 14, and Defendant filed a reply, ECF 15. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons described below, Defendant's motion must be granted.

**I.   Factual Background**

The following facts are derived from Plaintiff's Complaint and taken as true for purposes of this motion. Plaintiff, an African American male, began working for Defendant as a warehouse manager in 2018 and met or exceeded his performance expectations. ECF 2 ¶¶ 9–10. Without alleging any specific facts in support of his claims, Plaintiff alleges that Defendant engaged in discrimination against him on the basis of his race and gender by (1) subjecting him to harsher discipline than similarly situated employees; (2) providing white managers with more support,

---

[1] Defendant has asserted that it was erroneously named in the Complaint, and has self-identified as "Coca Cola Consolidated, Inc." ECF 7 at 1.

guidance, and resources than black managers like Plaintiff; (3) promoting two white managers while denying promotion to, and subsequently terminating, Plaintiff; (4) creating a hostile work environment "through comments or exclusion"; and (5) terminating or constructively discharging Plaintiff "for pretextual reasons." *Id.* ¶ 11. Plaintiff seeks damages for race and gender discrimination. *Id.* ¶¶ 12-15.

Plaintiff filed a charge with the EEOC, alleging that between April 23, 2024 and April 30, 2024, he had been subject to discrimination on the basis of his age (52) and race (African American). ECF 2 ¶ 6; ECF 2-1 at 5–6. His EEOC charge, signed on December 3, 2024, described the following conduct:

> I began my employment with the above Respondent on May 28, 2018 as a Night Shift Warehouse Manager under the supervision of Site Manager Van Wyatt. On April 23, 2024 I received an email from Human Resources stating an incident involving sexual harassment had occurred and requested that a statement be obtained from the female party involved. I reached out to Ciera (LNU) to obtain a statement, but Ciera stated nothing occurred. Ciera's message was forwarded to her supervisor Sean Stallings (white, under 30). Mr. Stallings forwarded the text message to Human Resources. I was never made aware of any sexual harassment incidents before April 23, 2024. I was treated less favorably than those similarly situated but not in my protected class. On April 30, 2024, I was called into the office by Chris Field (under 40, white). I was told I failed to report the harassment on the shift and was being terminated. I was replaced by Richard (LNU, white, under 40).
>
> The Respondent's reasoning for the discharge was that I failed to report the harassment on the shift.

ECF 2-1 at 5. The charge makes no reference to gender discrimination or to any conduct occurring prior to April 23, 2024. *Id.*

II.   **Administrative Exhaustion**

   A. **Legal Standards**

Defendant argues that Plaintiff failed to administratively exhaust the majority of his claims, including his gender discrimination claims and his claims about conduct pre-dating April 23, 2024. ECF 7-1. Although administrative exhaustion is not jurisdictional, "a rule may be mandatory

2

without being jurisdictional, and Title VII's charge-filing requirement fits that bill." *Ft. Bend Cnty. v. Davis*, 587 U.S. 541, 552 (2019). Thus, if administrative exhaustion is timely raised and its assertion is meritorious, dismissal may be warranted under Rule 12(b)(6). *See Kenion v. Skanska USA Bldg., Inc.*, No. RDB-18-3344, 2019 WL 4393296, at *4 (D. Md. Sept. 13, 2019) (discussing *Davis*).

Administrative exhaustion is designed to facilitate the twin goals of "protecting agency authority in the administrative process and promoting efficiency in the resolution of claims." *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (internal quotation marks and alterations omitted); *see also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406-07 (4th Cir. 2013). To further those objectives, courts generally limit the scope of a plaintiff's subsequent federal lawsuit to the parties and claims named in the administrative charge. *See* 42 U.S.C. § 2000e–5(f)(1); *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). "[W]hen the claims in [the] court complaint are broader than 'the allegation of a discrete act or acts in [the] administrative charge,' they are procedurally barred." *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005)) (final alteration in *Parker*); *see also Chacko*, 429 F.3d at 506 ("[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

However, courts liberally construe EEOC charges because they are often filed by self-represented plaintiffs. *Chacko*, 429 F.3d at 509; *see Sydnor*, 681 F.3d at 594 ("[T]he exhaustion requirement should not become a tripwire for hapless plaintiffs."). Federal courts are therefore not

strictly confined to the claims presented to the EEOC but may also hear claims "reasonably related" to the plaintiff's EEOC charge that "can be expected to follow from a reasonable administrative investigation." *Id.* (quoting *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000)); *see also Stewart*, 912 F.3d at 705; *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005) (noting that EEOC charge "does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002))); *see also Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) (finding that plaintiff exhausted administrative remedies where EEOC charge and complaint detailed different retaliatory conduct perpetrated by the same actor).

### B. Analysis

Plaintiff's opposition to this motion does not address the issue of administrative exhaustion. Because Plaintiff is self-represented, however, this Court will address the merits despite the omission.

The scope of Plaintiff's EEOC charge was extremely limited. It related only to the events from April 23, 2024, when he was advised of an incident of harassment occurring on the shift he supervised, until his termination on April 30, 2024. ECF 2-1 at 5. It makes no reference to gender discrimination. And it makes no reference to any previous conduct by his supervisor that might have reasonably triggered a broader investigation of events.

During the course of the EEOC proceedings, Plaintiff sent to the EEOC a "Rebuttal Statement," dated April 2, 2025, that, for the first time, provided facts about earlier incidents. ECF 2-1 at 8-13. But because Plaintiff never amended his charge to add those claims, Defendant had

no opportunity to respond to them and they did not become part of the administrative proceedings.[2] *See Miles v. Dell,* 429 F.3d 480, 492 (4th Cir. 2005) (declining to find that a letter sent to the EEOC five months after Miles filed her charge and not served on Dell could be used to meet the administrative exhaustion requirement); *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 149 (4th Cir.1999) ( "[I]t would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it."). Moreover, as Defendant notes, even if the Rebuttal Statement could be viewed as a constructive amendment of the charge, any allegations of discriminatory conduct occurring before June 6, 2024 (300 days before the Rebuttal Statement on April 2, 2025) would be time-barred. *See Evans*, 80 F.3d at 962; *Mezu v. Morgan State Univ.*, 367 F. App'x 385 (4th Cir. 2010) (unpublished per curiam). As Plaintiff's employment was terminated on April 30, 2024, all of his allegations occurred before June 6, 2024.

The only claim Plaintiff both administratively exhausted and asserted in his Complaint, then, is his claim that his employer engaged in race discrimination during the events of April 23 2024 through April 30, 2024, culminating in his termination.

### III. Failure to State a Claim

#### A. Legal Standards

The Rule 12(b)(6) standard presumes the facts alleged by a plaintiff to be true, then assesses whether the complaint still fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as

---

[2] There is no indication on the Rebuttal Statement that it was provided to Defendant, or, if so, that it was provided at a point in the proceedings allowing Defendant to submit a response.

true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Analysis

As described above, Plaintiff has administratively exhausted his race discrimination claim relating to the events between April 23, 2024 and April 30, 2024, to include his termination. However, even liberally construing his Complaint, he has not pleaded a plausible claim of race discrimination because he has not pleaded any facts suggesting that his race played a role in Defendant's decision to terminate him. The Complaint is devoid of any facts about the termination at all and provides no reason beyond conclusory assertions to connect the decision to terminate him to his race. More facts are required to state a claim under the *Twombly* standard.

Accordingly, Defendant's motion must be granted. This Court will dismiss Plaintiff's claims without prejudice but notes that unless Plaintiff can establish that he has administratively exhausted his other claims through other channels, only his race discrimination claim relating to the events between April 23, 2024 and April 30, 2024 may be the subject of any amended complaint. This case will be closed, subject to reopening should Plaintiff file a motion to seek leave to file an amended complaint, with a proposed amended complaint attached, within thirty days of the date of this opinion. A separate order follows.

Dated: February 25, 2026                                              /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge